# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XPO LOGISTICS SUPPLY CHAIN, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG SDS GLOBAL SCL AMERICA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) **Civil Action No. _____** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff XPO Logistics Supply Chain, Inc. ("XPO"), for its Complaint against Defendant Samsung SDS Global SCL America, Inc. ("Samsung"), alleges and states as follows:

## INTRODUCTION

1. XPO is a logistics company that, among other things, provides warehouse management, transportation, and related logistical services to clients. Effective September 2018, Samsung contracted with XPO to provide warehouse management services for a Samsung warehouse located in Bethel, Pennsylvania. Samsung subsequently breached its contractual and other legal obligations to XPO by failing to pay, without cause or justification, fees owed to XPO for its services as set forth in the parties' contract. As a result of Samsung's failure to pay, XPO seeks damages, pre and post-judgment interest, and its costs and reasonable attorneys' fees in bringing this action. XPO demands a jury trial on all issues so triable.

## PARTIES, JURISDICTION, AND VENUE

2. XPO is, and at all relevant times was, a corporation incorporated and existing under the laws of the State of North Carolina with its principal place of business in High Point,

North Carolina. Due to a scrivener's error, the parties' contract incorrectly states that XPO is an Iowa corporation.

3. Samsung is, and at all relevant times was, a corporation incorporated and existing under the laws of the State of California with its principal place of business in San Diego, California.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Samsung as it conducts business within the State of Delaware and has consented to the jurisdiction of this Court in the parties' contract.

6. This Court is a proper venue pursuant to the parties' contract.

## ALLEGATIONS COMMON TO ALL COUNTS

### THE AGREEMENT

7. XPO is a logistics company providing warehousing, transportation, and related logistical services.

8. Samsung is the U.S. subsidiary of Samsung SDS, a global software solutions and IT services company. Samsung provides IT related solutions for customers in government, financial services, retail, and other industries.

9. As of an Effective Date of September 5, 2018, XPO and Samsung entered into a Warehousing Operating Services Agreement for Bethel, PA Warehouse (the "Agreement"; all capitalized terms in this Complaint not otherwise defined have the definitions assigned to them in the Agreement).

10. The Agreement sets forth the terms and conditions under which XPO would provide certain enumerated warehouse and transportation management services for Samsung's warehouse located in Bethel, Pennsylvania (the "Warehouse").

11. In the Agreement, Samsung agreed, among other things, to pay XPO specified fees in exchange for XPO providing the enumerated services.

SAMSUNG'S WRONGFUL FAILURE TO PAY XPO'S FEES

12. Sections 6 and 7 of the Agreement provide, among other things, that in exchange for XPO's services, Samsung is to pay XPO the fees set forth in the Agreement, including as set forth in Schedule B.

13. Pursuant to the Agreement, XPO timely submitted to Samsung the following invoices for the services XPO rendered:

| **Invoice No.** | **Invoice Date** | **Amount Owed** |
|---|---|---|
| XX41022919011 | January 17, 2019 | $322,631.10 |
| XX41022919073 | July 31, 2019 | $30,119.13 |
| XX41022919083 | August 15, 2019 | $4,436.08 |
|  | **Total:** | **$357,186.31** |

14. Pursuant to Section 6 of the Agreement and the terms of the invoices, the time for Samsung to pay XPO's invoices has elapsed.

15. XPO has fully performed its obligations under the Agreement and any conditions precedent to Samsung's obligation to pay for the services that are the subject of the invoices have been satisfied. XPO unsuccessfully attempted to resolve this dispute prior to filing this lawsuit.

16. As of the date of this Complaint, Samsung has, without cause or justification, failed to pay XPO's invoices in an approximate principal amount of $357,186.31. XPO may continue to invoice Samsung for services rendered pursuant to the Agreement. If any such

invoices are not timely paid, XPO will suffer continuing harm and its damages will continue to accrue.

17. Pursuant to Section 32.F of the Agreement, XPO is entitled to recover its attorneys' fees and costs in bringing this action.

## COUNT I
### (Breach of Contract)

18. XPO repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 17.

19. Both XPO and Samsung have mutual obligations under the Agreement.

20. Both XPO and Samsung received valid consideration under the Agreement.

21. The Agreement is a valid and enforceable contract.

22. XPO fully performed its obligations under the Agreement and/or all conditions precedent to Samsung's obligation to pay the invoices have been satisfied. To the extent XPO did not fully perform, it was fully prepared to perform and did in fact tender performance, but was prevented from fully performing due to Samsung's acts and omissions.

23. Samsung failed to perform and breached the Agreement by, *inter alia*, failing to timely pay XPO's invoices as set forth in the Agreement.

24. XPO suffered damages from Samsung's breach of the Agreement including, but not limited to, the amount of the unpaid invoices. As of the date of this Complaint, Samsung has failed to pay the approximate principal amount of $357,186.31 owed to XPO under the Agreement.

- 5 -

## COUNT II
**(Quantum Meruit/Unjust Enrichment)**

25. XPO repeats and incorporates herein by reference the allegations set forth in Paragraphs 1 through 17.

26. Samsung requested that XPO provide warehouse management services for the Warehouse.

27. XPO conferred a benefit upon Samsung by providing warehouse management services.

28. Samsung appreciated that a benefit was conferred, including, for a time, by fully or partially paying XPO's invoices for the services that it rendered.

29. Samsung's acceptance and retention of the benefit of XPO's warehouse management services is inequitable and unjust under the circumstances as Samsung has not fully paid for the value of the services XPO provided.

30. In light of the circumstances, Samsung has been unjustly enriched by its acceptance and retention of the services rendered by XPO without rendering full payment for the value of the services performed.

31. The services provided by XPO had a fair and reasonable value not less than the amount of the unpaid invoices.

32. The amount of the unjust enrichment is no less than the balance of all of XPO's unpaid invoices.

WHEREFORE, XPO prays the Court enter judgment in its favor and against Samsung in the full amount due to XPO, pre- and post-judgment interest, costs of suit and attorneys' fees, and for such further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: September 30, 2019 | RICHARDS, LAYTON & FINGER, P.A.<br><br>*/s/ Daniel A. Dreisbach*<br>Daniel A. Dreisbach (#2583)<br>Kevin M. Gallagher (#5337)<br>Daniel E. Kaprow (#6295)<br>Nicole M. Henry (#6550)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsmile: (302) 651-7701<br>dreisbach@rlf.com<br>gallagher@rlf.com<br>kaprow@rlf.com<br>henry@rlf.com<br><br>THOMPSON COBURN LLP<br><br>Lawrence C. Friedman<br>Mark A. Mattingly<br>(*pro hac vice* forthcoming)<br>One U.S. Bank Plaza, Suite 2700<br>St. Louis, Missouri 63101<br>Telephone: (314) 552-6000<br>Facsmile: (314) 552-7000<br>lfriedman@thompsoncoburn.com<br>mmattingly@thompsoncoburn.com<br><br>*Attorneys for Plaintiff XPO Logistics Supply Chain, Inc.* |